The Honorable David Choate State Representative 709 North Main Street Beebe, Arkansas 72012-3048
Dear Representative Choate:
This is in response to your request for an opinion on two questions concerning the "Community Match Student Loan and Scholarship Program." The intent of this program is to expand the existing Arkansas Rural Medical Practice Student Loan and Scholarship Program by providing loans to certain medical students. In most instances (with regard to particular students) a portion of the moneys to fund such loans is provided by the state program, and a portion is provided by local communities interested in securing the services of a health professional. Each year's "loan" made while a student attends medical school may be later written off upon performance of one year of medical practice in a qualified "rural community."
Your specific questions are as follows:
 1. Is there a legal prohibition which would preclude an individual from donating money or a community from accepting a contribution from an individual which is to be specifically used for the community's participation in the program?
 2. Also, can the individual limit his/her contribution to be awarded to a specific student/recipient participating in the program?
It is my opinion that the answer to your first question is "no," there is no legal prohibition in this regard. Of course, I cannot opine as to the legality of particular private individuals (whether persons or corporations) making such donations without knowing the facts surrounding their status, and any restrictions upon the use of particular funds within their control. I can state, however, that there is no legal prohibition against cities and counties accepting donations from private entities for governmental purposes. Section 14-14-1102 (b)(7) of the Arkansas Code clearly states, with regard to counties, that the county judge has the authority to accept, in behalf of the county, gifts, grants, and donations of real or personal property for the use of the county. "He may apply for, enter into necessary contracts, receive, and administer for and in behalf of the county, subject to such appropriation controls that the quorum court may elect to adopt by ordinance, funds from the federal government, from other public agencies, or from private sources." Although I have not found a similar general statute with regard to municipalities, it is clear in my opinion that cities and town have similar authority under the common law. See generally, 63 C.J.S.Municipal Corporations, §§ 951 and 957, stating that "[a]mong the common-law powers of municipal corporations are the power to receive, purchase, and hold property, real and personal, for themselves and their successors. . . . Authority on the part of a municipal corporation to acquire property may include any usual mode of acquisition, not prohibited by law, as by devise or bequest, by purchase, by exchange of property, by gift, by deed of conveyance from private individuals or corporations. . . ."
In response to your second question, and the last part of your first question, concerning the restriction of a gift to a particular purpose or a particular student, the answer is controlled by the common law pertaining to gifts generally. It has been stated that:
 A gift inter vivos must be absolute and, with respect to the immediate vesting of title in the donee, unconditional. . . . [B]ut a donor, by a condition subsequent, may limit his gift to a particular purpose and render it so conditioned and dependent on an expected state of facts that, where that state of facts fails, the gift fails with it, if such condition is not illegal or against public policy. In other words, a condition subsequent accompanying a gift not affecting the donee's title to the property is valid; and the mere fact that a gift absolute in form may be defeated on the happening of a certain event does not invalidate the gift. Whether in a given instance the gift is conditional or absolute is an ordinary question of intention, to be determined by any express declaration in the making of the gift or from the circumstances.
38 C.J.S. Gifts at §§ 36 and 37.
It is my opinion therefore, that the answer to your second question is "yes," as long as the restriction on the use is a mere condition subsequent and the gift is unconditional as to the vesting of immediate title in the rural community. Of course the preparation of the gift document itself may require careful drafting and attention to the common law of gifts, in order to make the intention of the donor effective. Seegenerally Gravette v. Veach, 186 Ark. 544 (1932).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh